# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| THOMAS HOHENSTEIN, | |
| Petitioner, | No. 19-1222V |
| v. | Special Master Christian J. Moran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed: December 30, 2022 |
| Respondent. | Entitlement; dismissal. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Mark Theodore Sadaka</u>, Law Offices of Sadaka Associates, LLC, for petitioner;
<u>Tyler King</u>, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION**[1]

Mr. Thomas Hohenstein alleged that the influenza vaccine he received on November 3, 2016, caused him to suffer shortly thereafter vaccine-induced chronic inflammatory demyelinating polyneuropathy (CIDP) that was either "caused-in-fact" by the above-stated vaccination or, in the alternative, significantly aggravated by the above-stated vaccination. Am. Pet., filed March 10, 2022, at 1. On December 15, 2022, Mr. Hohenstein moved for a decision dismissing his petition.

### I. Procedural History

Mr. Hohenstein ("petitioner") filed a petition on August 16, 2019. After petitioner filed his initial medical records, the Secretary contested entitlement. Resp't's Rep., filed August 20, 2020. A status conference was held on September 9, 2020, during which it was discussed that petitioner did not present a medical theory to advance his case, petitioner's treating doctors did not support vaccine causation, and the medical records contained conflicting reports of the onset of petitioner's symptoms. The parties agreed to address the onset dispute first by further developing the evidentiary record.

Petitioner submitted additional evidence, including more affidavits, medical records, and employment records. A hearing was held on October 11, 2022, during which petitioner and

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services) requires the Court of Federal Claims to make this decision available to the public. The Court does so by posting the decision to the Court's website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

other percipient witnesses testified. Based upon this evidence, the undersigned found that petitioner's neurologic problems began on May 15, 2017. Finding of Fact, filed on October 21, 2022, 2022 WL 17819291. The latency between the date of vaccination and the onset of neurologic problem is 193 days.

At a status conference held on November 16, 2022, petitioner's counsel stated that he needed to consult with his client on how to proceed with the case, in light of the recently issued Finding of Fact. Petitioner was then ordered, pursuant to the November 22, 2022 Scheduling Order, to file a status report regarding how he intends to proceed with the case by December 16, 2022.

On December 15, 2022, petitioner moved for a decision dismissing his petition. Petitioner stated that he "understands that a decision by the Special Master dismissing his petition will result in judgment against him [and] has been advised that such a judgment will end all his rights in the Vaccine Program." Pet'r's Mot., filed Dec. 15, 2022. Petitioner "intends to elect to reject the Vaccine Program judgment against [him] and elect to file a civil action." Id. The Secretary did not file a response to this motion. This matter is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records but never advanced to the phase of obtaining expert reports in support of his claim. A fact hearing was conducted on October 11, 2022 to determine the date of the onset of petitioner's condition. Thereafter, a Finding of Fact found that petitioner's numbness and tingling began on May 15, 2017. Petitioner now wishes to have his claim dismissed and judgment entered against him. Though petitioner did not cite to a specific rule when filing this motion, the undersigned will construe this as a motion filed pursuant to Vaccine Rule 21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment be issued in this case, protecting his right to file a civil action in the future. See Pet'r's Mot., filed Dec. 15, 2022.

To conform to 42 U.S.C. § 300aa–12(d)(3), a decision must "include findings of fact and conclusions of law." Here, the lengthy interval between the vaccination and the onset of neurologic symptoms makes a finding that the vaccination caused the problem extremely unlikely. See Bazan v. Sec'y of Health & Hum. Servs., 539 F.3d 1347, 1352 (Fed. Cir. 2008) ("[u]sually, a petitioner's failure to satisfy the proximate temporal relationship prong is due to the fact that onset was too late after the administration of a vaccine for the vaccine to be the cause"); Kamppi v. Sec'y of Health & Hum. Servs., No. 15-1013V, 2019 WL 5483161, at *11 (Fed. Cl. Spec. Mstr. July 24, 2019) (indicating that an onset of longer than two months is not medically

plausible and citing cases). Without a showing of a proximate temporal relationship between the vaccination and petitioner's injury, the remainder of the case becomes moot.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master
