# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THOMAS HOHENSTEIN,   \*

         \*  No. 19-1222V

    Petitioner,  \*

         \*  Special Master Christian J. Moran

v.          \*

         \*  Filed: August 23, 2023

SECRETARY OF HEALTH  \*

AND HUMAN SERVICES,  \*

         \*

    Respondent. \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Mark Sadaka, Law Offices of Mark Sadaka Associates, LLC, Englewood, NJ, for petitioner;

Tyler King, United States Dep't of Justice, Washington, DC, for respondent.

## ORDER DENYING MOTION FOR RECONSIDERATION[1]

   Mr. Hohenstein's motion for attorney's fees and costs was denied. Fee Decision, 2023 WL 5430741 (Fed. Cl. Spec. Mstr. July 28, 2023). Mr. Hohenstein has sought reconsideration of that decision. Pet'r's Mot., filed Aug. 3, 2023. Mr.

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Order will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Hohenstein has not demonstrated grounds for reaching an alternative result.  Thus, his motion for reconsideration is denied.

*       *       *

Mr. Hohenstein sought his attorney's fees and costs.  Pet'r's Mot. for an Award of Attorney's Fees and Costs, filed Feb. 14, 2023.  He argued that his case satisfied both good faith and reasonable basis.  Id. at 4.  Mr. Hohenstein did not submit any evidence showing that an influenza ("flu") vaccine can cause and did cause his chronic inflammatory demyelinating polyneuropathy ("CIDP").  The Secretary contested an award of attorney's fees and costs.  Resp't's Resp., filed Feb. 28, 2023.  In opposing a finding of reasonable basis, the Secretary argued Mr. Hohenstein did not have a reasonable basis for asserting the onset of his CIDP occurred close in time to the vaccination.  The Secretary also argued "Petitioner did not file more than a scintilla of objective evidence in support of causation."  Resp't's Resp. at 12.  Mr. Hohenstein defended his request for fees.  Pet'r's Reply, filed March 8, 2023.

In denying Mr. Hohenstein's request for attorney's fees and costs, the July 28, 2023 decision turned upon the lack of evidence supporting the causation-in-fact claim that a flu vaccine caused Mr. Hohenstein's chronic inflammatory demyelinating polyneuropathy.  The decision noted that Mr. Hohenstein had not submitted any traditional evidence supporting this claim.  Nevertheless, the decision cited cases in which petitioners alleging a flu vaccine had caused CIDP received compensation.  The decision also found that "Althen prong two remains an obstacle."  Accordingly, Mr. Hohenstein's case was found to lack a reasonable basis and his motion for attorney's fees and costs was denied.

Mr. Hohenstein seeks reconsideration of the decision.[2]  His motion, which appears not to be a model of clarity, seems to rest on two grounds.  First, the decision apparently wrongly required Mr. Hohenstein to present evidence on all three Althen prongs.  Pet'r's Mot. at 2.  Second, Mr. Hohenstein submitted two articles as exhibits 24 and 25 that could have cured an evidentiary deficiency.  Neither of these arguments are persuasive.  Id. at 3.

---

[2] Although Mr. Hohenstein relies upon Rule 59 of the Rules of the Court of Federal Claims, a more fitting authority is Rule 10(e) of the Vaccine Rules.

## Causation in the Context of Reasonable Basis

The Fees Decision stated: "a petitioner 'must point to evidence of a causal relationship between the administration of the vaccine and [his] injuries in order to establish a reasonable basis for the claim existed when the petition was filed.'" Fees Decision, at 8, quoting Cottingham v. Sec'y of Health & Hum. Servs., 971 F.3d 1337, 1346 (Fed. Cir. 2020). This statement of a petitioner's evidentiary burden comes from the Federal Circuit, whose precedential opinions (such as Cottingham) are binding. Cottingham was issued in 2020, when Mr. Hohenstein's claim for entitlement was being litigated. Mr. Hohenstein, therefore, knew or should have known what evidence he was required to submit.

Mr. Hohenstein also asserts that the Fees Decision denied his motion "based on arguments outside of the Respondent's initial objection related to onset." Pet'r's Mot. for Reconsid. at 2. That statement is accurate. Yet, Mr. Hohenstein overlooks that the Secretary presented two objections. The second objection was that "Petitioner did not file more than a scintilla of objective evidence in support of causation." Resp't's Resp. at 12. This objection alerted Mr. Hohenstein that evidence on the Althen prongs was required.

## Submitting Evidence regarding Causation
## in the Context of Seeking Attorney's Fees

Mr. Hohenstein's apparent second point for reconsideration concerns when he could have submitted evidence supporting his claim that a flu vaccine can cause CIDP. Mr. Hohenstein appears to argue that although one opinion from the Court of Federal Claims indicated that evidence regarding causation should not be submitted during the fees stage, he wants to submit the evidence now as part of a motion for reconsideration. This argument is flawed for several reasons.

The Court of Federal Claims stated that evidence regarding causation should be submitted during the entitlement stage, not in the fees stage. It stated:

> The Court is at a complete loss as to how Petitioner's counsel believes these articles submitted **AFTER** judgment on the merits was entered could possibly help form a reasonable basis for Petitioner's claim or demonstrate that the Special Master ignored relevant evidence. As counsel is hopefully well aware, the time for introducing these articles was **BEFORE** the Special Master issued his ruling on the merits, when they could

3

aid his client's attempt to be compensated for her alleged
injury, not **AFTER** his client had lost on the merits and
they could only aid his attempt to collect fees.

Goodgame v. Sec'y of Health & Hum. Servs., 157 Fed. Cl. 62, 72-73 (2021).

It is important to fit the two critical opinions (Cottingham and Goodgame)
into a chronology of events in Mr. Hohenstein's litigation.

| Date | Event |
| --- | --- |
| 8/16/2019 | Mr. Hohenstein files his petition. |
| 8/19/2020 | Federal Circuit issues Cottingham. |
| 9/10/2020 | Order, memorializing the parties' choice in Hohenstein to resolve the question of onset. |
| 11/17/2021 | Goodgame issued. |
| 10/21/2022 | Findings of Fact regarding when Mr. Hohenstein began to have neurologic problems. |
| 12/15/2022 | Mr. Hohenstein files a motion to dismiss. |
| 12/30/2022 | Decision, denying compensation to Mr. Hohenstein. |

If, for the sake of argument, it is assumed that Goodgame creates a bright-
line barrier preventing the submission of evidence regarding causation in the fees
stage, then Mr. Hohenstein still enjoyed ample opportunity during the entitlement
stage to present any evidence he wanted.

Moreover, Mr. Hohenstein has not explained how submitting evidence as
part of a motion for reconsideration is in harmony with Goodgame.
Reconsideration is not typically a vehicle for relitigating an issue by filing pre-
existing evidence.  See Cedillo v. Sec'y of Health & Hum. Servs., 89 Fed. Cl. 158,
181 (2009) (determining that special master did not err in denying a motion for
reconsideration because the proposed evidence could have been submitted earlier),
aff'd, 617 F.3d 1328 (Fed. Cir. 2010).

Finally, even if the articles were accepted and found supporting Mr. Hohenstein's argument regarding <u>Althen</u> prong one, the articles do not address Mr. Hohenstein's situation specifically.  As the Fees Decision pointed out, "<u>Althen</u> prong two remains an obstacle."

*     *     *

Mr. Hohenstein has not demonstrated that the interest of justice requires reconsideration of the decision denying his motion for attorney's fees and costs. His motion for reconsideration, is, therefore DENIED.

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master
